UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SONOMA SPRINGS LIMITED PARTNERSHIP, a Nevada limited partnership; and SONOMA SPRINGS ASSOCIATES, LLC, a Nevada limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Maryland corporation; and ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS, a Maryland corporation; and DOES 1-20, inclusive,<br><br>Defendants. | Case No. 3:18-cv-00021-LRH-VPC<br><br>ORDER |

Defendants Fidelity and Deposit Company of Maryland ("Fidelity") and Zurich American Insurance Company of Illinois ("Zurich") move to stay this case in favor of a state court matter filed in the Sixth District Court of the State of Nevada in Humboldt County. ECF No. 30. Plaintiffs Sonoma Springs Limited Partnership ("Sonoma Springs") and Sonoma Springs Associates, LLC ("Sonoma Associates") filed a response, to which defendants replied. ECF Nos. 47, 51. The court now denies the motion.

I. **BACKGROUND**

Sonoma Springs owns real property in Humboldt County, Nevada. ECF No. 1 at ¶ 10. In June 2015, Sonoma Springs contracted with Ascent Construction, Inc. ("Ascent") to build an apartment complex on the property. *Id.* at ¶ 11. Ascent, as the contractor, was required to obtain

1

a payment and a performance bond. *Id.* at ¶ 12. Ascent obtained two bonds from Fidelity and Zurich. *Id.* at ¶ 13–16. As the surety for the bonds, Fidelity and Zurich were jointly and severally liable and bound to the terms of the contract between Sonoma Springs and Ascent. *Id.* at ¶ 17. The bonds also required Fidelity and Zurich to assume Ascent's obligations under the contract if Ascent were to breach the terms. *Id.* at ¶ 18. Sonoma Springs alleges that Ascent breached the terms of the contract. *Id.* at ¶ 19. Contrarily, Ascent claims that Sonoma Springs breached the contract. *See* ECF No. 30-1. After the contractual dispute arose between Sonoma Springs and Ascent, Sonoma Springs demanded multiple times that Fidelity and Zurich assume the contractual obligations as required by the bonds. *Id.* at ¶ 20–27. The demands were unsuccessful. *Id.* at ¶¶ 20–27.

Ascent sued Sonoma Springs and Sonoma Associates in the Sixth Judicial District Court of the State of Nevada for the County of Humboldt in May 2017. ECF No. 30-1. In the action ("state court action"), Ascent asserted six claims: breach of contract, foreclosure of mechanic's lien, declaratory judgment for priority of encumbrances, violation of the implied covenant of good faith and fair dealing, unjust enrichment, and account stated. *Id.* Ascent also recorded a lien against the property. ECF No. 30 at 7; ECF No. 47 at 4. The lien has since been substituted for by a surety bond obtained from Hartford Fire Insurance Company. ECF No. 47 at 6.

Seven months later, in December 2017, Sonoma Springs and Sonoma Associates sued Fidelity and Zurich also in the Sixth Judicial District Court of the State of Nevada for the County of Humboldt. ECF No. 2, Ex. A. The suit includes seven claims: breach of contract, breach of implied covenant of good faith and fair dealing, breach of fiduciary duty, bad faith, violation of Nevada's Unfair Claims and Settlement Practices Act, misrepresentation, and unjust enrichment. *Id.* Fidelity and Zurich removed the action to this court in January 2018. *Id.* They now move to stay this action pending the outcome of the state court action. ECF No. 30.

## II. DISCUSSION

Fidelity and Zurich move to stay this matter under the *Colorado River* doctrine and under surety principles. The court addresses each in turn.

/ / /

**A. *Colorado River* Doctrine**

The court first turns to the parties' arguments under the *Colorado River* doctrine. "Generally 'the pendency of an action in state court is no bar to proceedings concerning the same matter in the [f]ederal court having jurisdiction….'" *Seneca Ins. Co., Inc. v. Strange Land, Inc.*, 862 F.3d 835, 841 (9th Cir. 2017) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). "Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colo. River*, 424 U.S. at 813. Accordingly, a strong presumption against abstention generally governs. *Seneca*, 862 F.3d at 842. But still, "[i]n exceptional circumstances, a federal court may decline to exercise its 'virtually unflagging obligation' to exercise federal jurisdiction, in deference to pending, parallel state proceedings." *Montanore Minerals Corp. v. Bakie*, 867 F.3d 1160, 1165 (9th Cir. 2017), *as amended on denial of reh'g and reh'g en banc* (Oct. 18, 2017) (quoting *Colo. River*, 424 U.S. at 817). If exceptional circumstances exist, the Ninth Circuit "generally require[s] a stay rather than a dismissal[,]" which "ensures the federal forum will remain open if for some unexpected reason the state forum turns out to be inadequate." *Id.* (quoting *Attwood v. Mendocino Coast Dist. Hosp.*, 886 F.2d 241, 243 (9th Cir. 1989)) (internal quotation marks and punctuation marks omitted).

Federal courts balance the following eight factors when determining whether to stay or dismiss a matter under the *Colorado River* doctrine:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*Id.* at 1166 (citing *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 978–79 (9th Cir. 2011)). But a court must not apply the factors as a "mechanical checklist;" the court must instead apply the factors in "a pragmatic, flexible manner with a view to the realities of the case at hand." *Seneca*, 862 F.3d 835, 842 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16, 21 (1983)). The balancing of the factors begins "with the balance heavily weighted in favor of the exercise of jurisdiction." *Id.*

To decide if this matter should be stayed in deference to the state court action, the court considers the eight *Colorado River* factors. The court begins by disposing of the second and the seventh factor. The second factor is inconsequential to the court's decision because the state court forum and the federal court are equally convenient. Both are located in Northern Nevada, a short distance from one another. Likewise, the seventh factor is inapplicable because forum shopping is not an issue here. The remaining six factors merit further discussion. The court therefore discusses each in turn below.

### 1. Jurisdiction of Property

The first *Colorado River* factor considers which court, if any, first assumed jurisdiction over a property. *Montanore*, 867 F.3d at 1166. The factor is dispositive. *Id.* The court must stay an *in rem* or *quasi in rem* action in federal court if a state court assumed jurisdiction over the at-issue property first. *Id.* The court must also stay an action if "it involve[s] the same question as the *in rem* [state court] claim, and could be resolved in state court." *Id.* at 1167 (internal quotations omitted). But the first *Colorado River* factor does not demand a stay when there is no threat of inconsistent dispositions of a single property. *Seneca*, 862 F.3d at 842.

The first factor does not require the court to stay this action because there is no possibility of inconsistent dispositions of the property implicated in the state court action. While the state court action includes a claim for foreclosure of a mechanic's lien and a claim for declaratory judgment for priority of encumbrances, the state court action does not involve an actual dispute of ownership over the property. Further, this action focuses on Fidelity and Zurich's obligations under the bonds. It is true the bonds relate to the property implicated in the state court action. But interpreting the terms of the bonds in this matter to determine the parties' responsibilities poses no threat of inconsistent disposition of the property. Thus, the first *Colorado River* factor does favor staying this matter.

### 2. Piecemeal Litigation

Turning to the third *Colorado River* factor, the court considers the possibility of piecemeal litigation. "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Am. Int'l Underwriters*

4

*(Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988). Concerns over piecemeal litigation support a stay if exceptional circumstances exist. *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1368–69 (9th Cir. 1990). The exceptional circumstances must "justify special concern[s] about piecemeal litigation." *Id.* at 1369. This factor does not support a stay in the absence of exceptional circumstances because "conflicting results, piecemeal litigation, and some duplication of judicial effort is the unavoidable price of preserving access to … federal relief." *Neuchatel Swiss Gen. Ins. v. Lufthansa Airlines*, 925 F.2d 1193, 1195 (9th Cir. 19991) (quotations omitted). Exceptional circumstances include "federal legislation evincing a federal policy to avoid piecemeal litigation" or the existence of a "vastly more comprehensive state action[.]" *Travelers*, 914 F.2d at 1369.

The third *Colorado River* factor does not favor staying this matter because there are no exceptional circumstances to justify withholding federal jurisdiction. It is not enough that the two actions involve similar facts and issues; exceptional circumstances must exist. Here, Fidelity and Zurich do not identify exceptional circumstances that would make the state court action "vastly more comprehensive" than this action. Thus, the factor does not favor a stay.

### 3. Order of Jurisdiction

The fourth *Colorado River* factor questions the order in which the courts obtained jurisdiction. But "priority should not be measured exclusively by which complaint was filed first." *Cone*, 460 U.S. at 21. It instead should be measured "in terms of how much progress has been made in the two actions." *Id.*

Here, the state court action was initiated several months before this action. It is also in the discovery process and has seen motion practice. *See* ECF No. 30 at 17. Because the state court action was filed first and has progressed further than this action, the fourth *Colorado River* factor favors a stay.

### 4. Source of Law

The court now turns to the fifth *Colorado River* factor: the source of law that will provide the rule of decision on the merits. When an action involves claims governed by state law, a stay may be favored "only 'in some rare circumstances.'" *Seneca*, 862 F.3d at 844 (quoting *Cone*,

460 U.S. at 26). The state law must present "complex and difficult issues [that would be] better resolved by a state court" in order for this factor to favor a stay of federal jurisdiction; "it is not enough that a state law case is complex because it involves numerous parties or claims." *Id.*

The fifth *Colorado River* factor does not favor a stay. While this action involves only state law claims, the claims are frequently heard in federal court. *See Montanore*, 867 F.3d at 1168 (identifying breach of contract, misrepresentation, and breach of fiduciary duty as routine claims). The claims do not present any complex or difficult issues that should be reserved for decision by a state court. Thus, the fifth factor does not favor a stay.

### 5. Adequacy of State Court

The sixth *Colorado River* factor questions the adequacy of the state court in protecting federal rights. *Travelers*, 914 F.2d at 1370. "When it is clear that the state court has authority to address the rights and remedies at issue[,] this factor may weigh in favor of a stay. However, this factor is more important when it weighs against a stay." *Montanore*, 867 F.3d at 1160 (internal citations omitted).

This factor does not affect the court's decision because no federal rights are at issue. Both actions instead involve only state law claims. As a result, this factor does not disfavor a stay. Because it does not weigh against a stay, it does not substantially affect the court's decision.

### 6. Parallelism

The final *Colorado River* factor considers the parallelism between the two actions. "Though exact parallelism is not required, substantial similarity of claims is necessary before abstention is available." *Seneca*, 862 F.3d at 845. "[T]he existence of a substantial doubt as to whether the state proceedings will resolve the federal action precludes a *Colorado River* stay or dismissal." *Id.* (internal quotations omitted). The factor is most relevant "when it counsels against abstention, because while … insufficient parallelism may preclude abstention, the alternative[] never compel[s] abstention." *Id.* In fact, "sufficiently similar claims are a necessary precondition to *Colorado River* abstention and should not, absent more, add weight to the balance in favor of abstention." *Id.* The state court action must "ensure comprehensive disposition of litigation." *R.R. St.*, 656 F.3d at 982.

Here, the two actions do not involve the same parties. While Sonoma Springs and Sonoma Associates are parties in both actions, Ascent is not a party in the federal action, and Fidelity and Zurich are not parties in the state action. While the two actions both stem from an alleged breach of the contractual relationship between Sonoma Springs and Ascent, the focus of the state court action is on the contractual obligations between Sonoma Springs and Ascent, while the federal action focuses upon the obligations between Fidelity and Zurich to Sonoma. While both actions focus upon the contractual relationship between Sonoma Springs and Ascent, the inquiry does not end there and does not counsel in favor of abstention.

But even taking the similarity of the contractual relationship between Sonoma Springs and Ascent into account, there are numerous factors that weigh against abstention by this court. The parties are not the same in the two actions and there are potential outcomes which may have no significant relevance to the action before this court: dismissal, settlement, affirmative defenses and other potential results unrelated to the issues before this court. Moreover, primarily because of the differences in parties, a judgment in the state court may well not be controlling or persuasive in the federal court. As a result, the state court action simply does not ensure comprehensive disposition of the litigation in this court. Thus, the final *Colorado River* factor weighs strongly against a stay.

Based on the above analysis of the *Colorado River factors* and the subsequent balancing of the factors, the court holds that a stay is not warranted in this matter under the *Colorado River* doctrine.

**B. Surety Principles**

The court now turns to the parties' arguments regarding surety principles. Fidelity and Zurich cite to *Brinderson-Newberg Joint Venture v. Pacific Erectors, Inc.*, 971 F.2d 272, 283 (9th Cir. 1992) to argue that a surety "has every right to await the outcome of the liability dispute before paying on the performance bond." ECF No. 30 at 20. Thus, they argue that this matter must be stayed. *Id.*

///

///

But *Brinderson* does not stand for the proposition that a federal court must stay its jurisdiction in favor of a parallel state court action. *See* 971 F.2d 272. It instead stands for the proposition that a bad faith claim against a surety fails as a matter of law if a surety failed to investigate claims under a bond when a genuine dispute over liability existed. *Id.* at 283. Thus, *Brinderson* does not mandate a stay in this matter. Its principles instead relate only to the bad faith claims brought against Fidelity and Zurich. Under *Brinderson*, if a genuine dispute of liability exists, the bad faith claims against Fidelity and Zurich would fail as a matter of law. The court declines to extend the holding in *Brinderson* any further.

### III. CONCLUSION

IT IS THEREFORE ORDERED that defendants' motion to stay this matter (ECF No. 30) is **DENIED.**

IT IS SO ORDERED.

DATED this 23rd day of August, 2018.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE